IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Weldon Eugene Holtzclaw, Jr., | ) | C/A No. 6:25-cv-07927-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| The Medical Team of G.C.D.C., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's complaint alleging violations of his constitutional rights.  ECF No. 1.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report").  On November 14, 2025, the Magistrate Judge issued a Report recommending that this action be dismissed without prejudice, without issuance and service of process, and without leave to amend.  ECF No. 12.  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  Plaintiff filed objections, a supplement, and a motion to amend.  ECF Nos. 14, 16  17.  To the extent necessary, the Court has construed all of Plaintiff's filings as objections.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

As an initial matter, the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference. Because Plaintiff filed objections, the Court's review has been de novo.

Plaintiff's objections contain only aspersions against Magistrate Judge McDonald. In his supplement he states that he has not been sent to an optometrist and that the supplies given to him to treat his urology issues are insufficient. In the motion to amend, Plaintiff reiterates that the only dental work available to him is extraction. He raises a claim that he has been denied access to a law library and various conditions of confinement claims. He further raises several alleged infractions of state law, including claims related to the issuance of a bond in his underlying criminal case. He asserts that

2

he has foreign bodies in both of his eyes and raises his urology issues.  Plaintiff asserts that guards would not allow a shirt to be hung in his cell for privacy.

Plaintiff names the Medical Team of G.C.D.C. as the sole Defendant.  This is a group of people not amenable to suit pursuant to § 1983.  Further, in his motion to amend, Plaintiff does not move to add additional parties.  He does name certain guards in the motion but does not allege that they have anything to do with his health care.  Further, his assertion that the guards made he and his cell mates take a shirt down does not rise to the level of a constitutional violation.  As Plaintiff has named an improper Defendant, this action is subject to dismissal.  *See Langford v. Joyner*, 62 F.4th 122, 125 (4th Cir. Mar. 2, 2023) (recognizing that the plaintiff's complaint failed to meet the plausibility standard when it did not set forth who the defendants were beyond being employees where he was incarcerated or in what capacity the defendants interacted with the plaintiff).

As explained in more detail by the Magistrate Judge, even assuming that Plaintiff has named a proper Defendant, his claim for deliberate indifference to serious medical needs still fails to state a plausible claim upon which relief can be granted.  The Court adopts and incorporates this discussion herein. ECF No. 12 at 4–5.  Further, upon review, the Court agrees with the Magistrate Judge that certain allegations made by Plaintiff are frivolous and should be dismissed as such.

Specifically with respect to Plaintiff's motion to amend, to the extent he attempts to state a denial of access to courts claim or conditions of confinement claims, these fail. He has not named a Defendant who he alleges is personally responsible for these claims. Further, with respect to any access to courts claim, Plaintiff has not established an actual

3

injury.  *See Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996); *Lewis v. Casey*, 518

U.S. 343, 349 (1996).   Accordingly, any request to add these claims is denied.[1]

## CONCLUSION

Accordingly, the Court agrees with the Report of the Magistrate Judge.  Plaintiff's

motion to amend [17] is **DENIED**.  This action is **DISMISSED** without prejudice, without

issuance and service of process, and without leave to amend.

Plaintiff has established himself as a frequent filer in this Court.  Therefore, any

further filings in this case will be reviewed but will not receive a response unless one is

deemed necessary by the undersigned or Magistrate Judge McDonald.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

February 19, 2026
Spartanburg, South Carolina

---

[1] To the extent any of Plaintiff's filings should be liberally construed as requesting recusal of the undersigned, that request is denied.  Recusal of federal judges is generally governed by 28 U.S.C. § 455.  Subsection (a) of § 455 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In the Fourth Circuit, this standard is analyzed objectively by considering whether a person with knowledge of the relevant facts and circumstances might reasonably question the judge's impartiality. *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003).  It appears that any request for recusal is solely based upon prior rulings in Plaintiff's various cases.  However, judicial rulings alone, "almost never constitute a valid basis for a bias or partiality motion." *See Liteky v. U.S.*, 510 U.S. 540, 555 (U.S. 1994). "In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism." *Id.* Any such request, therefore, is insufficient as a matter of law to establish any basis for recusal and is denied.

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4

of the Federal Rules of Appellate Procedure.